Lewis W. Ollieee, J.
Defendant’s motion for an order vacating notice of examination before trial is granted.
Plaintiff’s motion to strike defendant’s pleading for failure to appear for examination before trial is denied.
The Appellate Divisions of the various Departments are not in accord as to the circumstances under which an examination before trial with respect to a husband’s finances will be permitted. In the First Department examinations are denied on the ground of public policy in the absence of showing special circumstances. (Hunter v. Hunter, 10 App. Div. 291; Liebmann v. Liebmann, 18 A D 2d 611.)
In the Second Department a more liberal attitude towards examinations prevails, but even in the Second Department special circumstances must be set forth before the court will grant an order for an examination. In Kirshner v. Kirshner (7 A D 2d 202) the court said (p. 203) as follows: “ The granting or denial of a motion for examination of a husband before trial as to his financial status should be left to the sound discretion of the Special Term.” The record on appeal discloses the special circumstances.
In Gross v. Gross (8 A D 2d 951) the Appellate Division of the Second Department wrote as follows: “ However, in view of the sharp conflict raised over appellant’s earnings and assets, it was within the sound discretion of the Special Term to allow the examination of the corporations and individuals in order to ascertain the facts in issue (cf. Kirshner v. Kirshner, 7 A D 2d 202).”
The only fact alleged by the plaintiff in support of the motion for an examination before trial is that there is an action pending between the parties. No special circumstances are alleged.